Case: 25CI1:20-cv-00545-TTG   Document #: 3   Filed: 09/02/2020   Page 1 of 1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

LARKESHIA SHINNIE, INDIVIDUALLY;
LARKESHIA SHINNIE AND SONNY A.
TOBIAS, AS THE NATURAL AND BIOLOGICAL
PARENTS OF AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES OF
SUMMER ROSE TOBIAS, DECEASED                                      **PLAINTIFFS**

V.                                              CAUSE NO.: 20-545

DR. EDITH FAYE SMITH RAYFORD;
AND JOHN DOES 1-5                                                 **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   DR. EDITH FAYE SMITH RAYFORD
      1134 Winter Street
      Jackson, Hinds County, Mississippi

**NOTICE TO DEFENDANT:**
**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Kenya R. Martin, the attorney for the Plaintiff, whose address is 5709 Highway 80 West, Jackson, Mississippi 39209. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment will be entered against you for the money or things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 2 day of September, 2020.

ZACK WALLACE
CIRCUIT CLERK OF HINDS COUNTY

BY: M. Green

(SEAL)



IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LARKESHIA SHINNIE, INDIVIDUALLY;
LARKESHIA SHINNIE AND SONNY A.
TOBIAS, AS THE NATURAL AND BIOLOGICAL
PARENTS OF AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES OF
SUMMER ROSE TOBIAS, DECEASED                                   **PLAINTIFFS**

V.                                          CAUSE NO.: 20-545

DR. EDITH FAYE SMITH RAYFORD;
AND JOHN DOES 1-5                                              **DEFENDANTS**

**COMPLAINT**
**(PLAINTIFFS DEMAND TRIAL BY JURY)**

COME NOW Plaintiffs, Larkeshia Shinnie, Individually and Larkeshia Shinnie and Sonny A. Tobias, as the Natural and Biological Parents of and on behalf of All Wrongful Death Beneficiaries of Summer Rose Tobias, Deceased (sometimes collectively referenced to as "Plaintiffs") and file this, their Complaint against Defendant, Dr. Edith Faye Smith Rayford and John Does 1-5 (collectively referenced as "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

1. Plaintiffs, Larkeshia Shinnie and Sonny A. Tobias, are adult residents of Hinds County, Mississippi whose address is 301 Elton Road, Apartment 94, Jackson, Hinds County, Mississippi 39212. Plaintiffs are the natural and biological parents of the deceased child, Summer Rose Tobias.

2. Defendant, Dr. Edith Faye Smith Rayford is a practicing physician in the Jackson, Mississippi area who may be served with process of this Court by effectuating service at 1134 Winter Street, Jackson, Hinds County, Mississippi or wherever she may be found within the County.

1

3. Defendants, John Does 1-5 are other individuals, persons, businesses, corporate persons or entities who may be liable for all or part of the acts and/or omissions committed resulting in the subject incident which involved and resulted in the causes of action alleged by the Plaintiffs herein from which the Plaintiffs may seek recovery of damages.

## JURISDICTION AND VENUE

4. Pursuant to Mississippi statutory law and the Mississippi Constitution, circuit courts have original subject matter over all matters in equity and at law.

5. This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who have qualified to do business in the State of Mississippi and have appointed a registered agent to accept service of process. Additionally, all named Defendants are Mississippi residents and may be found within the State of Mississippi.

6. Pursuant to Miss. Code Ann. 11-11-3 (2006), venue is proper in the Circuit Court of Hinds County, Mississippi in that substantial events that caused the injuries and resulting death occurred in Hinds County.

## FACTS

7. Plaintiffs are herein asserting both personal injury claims and wrongful death claims which occurred as a direct and proximate result of actions and/or inactions taken in the overall obstetrics and gynecological care of both Plaintiff Larkeshia Shinnie and Summer Rose Tobias, Deceased, which fell below the appropriate standard of care for the relevant periods May 2019 through September 5, 2019.

8. Defendant Dr. Rayford previously provided obstetrics and gynecological care

for at least one (1) prior pregnancy of Larkeshia Shinnie during the care and childbirth of Taraji Shinnie (DOB: 06-16-2010).

9. During the 2010 pregnancy, Defendant Dr. Rayford diagnosed and treated Plaintiff Larkeshia Shinnie for elevated blood pressures which gave way to the early delivery of an earlier child birthed by Plaintiff Larkeshia Shinnie via C-section.

10. Dr. Rayford, at least nine (9) years prior to the pregnancy at issue in this Complaint, reasonably knew and/or should have known Mrs. Shinnie's propensity to develop hypertension during pregnancy. Dr. Rayford was also charged with personal knowledge of how to identify and care for this particular condition (high blood pressure during pregnancy) as it specifically related to Mrs. Shinnie.

11. On or about August 31, 2019, Mrs. Shinnie presented at Merit Health Central's Emergency Room complaining of headaches and elevated blood pressures. At this particular visit, Mrs. Shinnie was approximately 30 weeks during her third trimester of pregnancy with Baby Summer.

12. The last sonogram or ultrasound was performed on or about June 20, 2019. Dr. Rayford never provided any negative information regarding the health of the infant or mother at this time. In fact, she indicated to Plaintiff that everything was "..going fine." During the August 31, 2019 presentation, the attending ER physician diagnosed Mrs. Shinnie with a urinary tract infection and prescribed antibiotics and ibuprofen for her constant headaches. Mrs. Shinnie was also told there were traces of protein found in her urine. This information was transferred to Dr. Rayford. She was discharged from the ER on August 31, 2019.

13. Mrs. Shinnie then followed up with Dr. Rayford on September 2, 2019 as a regular follow-up appointment with her doctor. At the time of the visit, Mrs. Shinnie remembers her blood pressure was checked and the fetal heart beat "looked good." She was given a B12 shot. She was also given a 24-hour urine drop.

14. On September 3, 2019, Mrs. Shinnie returned the 24-hour urine drop and still complained of headaches during this visit. On September 4, 2019, Mrs. Shinnie called Dr. Rayford's office still complaining of headaches. She experienced nausea and vomiting throughout the duration of this pregnancy.

15. On September 5, 2019, Mrs. Shinnie noticed there was little to no fetal movement during the overnight hours. She also noticed hardness, vaginal and abdominal pains. She then presented to Merit Health Central on September 5, 2019 where Summer Rose Tobias was delivered still born. It is undisputed this particular child was viable at or near the time of her unfortunate death.

16. On or about September 26, 2019—almost two (2) weeks after her loss—Dr. Rayford finally prescribed blood pressure medications for Mrs. Shinnie. The pediatric pathology report reveals Summer died from a placental abruption which was caused by elevated, undiagnosed, and untreated blood pressures in the mother.

17. Placental abruption is an uncommon yet serious complication of pregnancy which led to the death and unfortunate passing of Summer Rose Tobias. The placenta develops in the uterus during pregnancy. It attaches to the wall of the uterus and supplies the baby with nutrients and oxygen. Placenta abruption occurs when the placenta partially or completely separates from the inner wall of the uterus before delivery. This separation

4

decreased and blocked Summer's supply of oxygen and nutrients and also produced heavy bleeding in Mrs. Shinnie.

18. Defendants fully knew and appreciated the risk factors for placental abruption in Mrs. Shinnie as chronic high blood pressure (hypertension), high blood pressure during pregnancy resulting in preeclampsia or eclampsia, and placental abruption in prior pregnancies.

19. The protein found in her urine as noted by the attending ER physician during the 8/31/2019 visit should have placed Dr. Rayford on notice of these elevated risk factors in Mrs. Shinnie.

20. It is undisputed (that at the time of this particular pregnancy), Dr. Rayford reasonably knew and/or should have known that Mrs. Shinnie exhibited these major risk factors. Dr. Rayford simply missed the warning signs of constant and persistent headaches for several weeks which proximately caused and/or contributed to the untimely death of this viable child.

21. The failure to properly perform ultrasounds after June 20, 2019 provided a false sense of security for the parents and family of Summer in believing everything was normal and on course with this particular pregnancy.

22. The failure to properly identify and treat the hypertension and high blood pressures in Mrs. Shinnie during this pregnancy constituted a breach of the acceptable standards of medical care–especially when this OB/GYN was similarly presented with this exact same scenario, with this same patient almost 9 years earlier, and failed to take action here.

23. Following the death of Summer on or about September 5, 2019; Dr. Rayford prescribed blood pressure medications for Mrs. Shinnie. Based upon information and belief, Dr. Rayford recently purchased new and/or upgraded ultrasound machinery and technology following the incidents described herein. By these admissions, Dr. Rayford failed to adequately monitor the overall health and progress of this baby and pregnancy which proximately caused and/or contributed to the losses described herein. These failures of Dr. Rayford proximately caused and/or contributed to excessive swelling and bleeding on the part of Mrs. Shinnie for weeks and months. These failures proximately caused and/or contributed to untimely death and suffering of an otherwise normal and healthy baby girl–Summer.

24. Graveside funeral services were held for Summer Rose Tobias on September 14, 2019 at Collis Hill Church in Terry, Mississippi. Based upon information and belief, Dr. Rayford attended these services.

25. These combined failures evidence a breach of the standard of medical care which proximately caused and/or contributed to the untimely and unfortunate death of this child, as well as the physical injuries suffered by Mrs. Shinnie.

26. It is undisputed Dr. Rayford owed a duty of care to both Mrs. Shinnie and Baby Summer, as she was a patient of this Defendant at all relevant times.

27. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly care for the progress and pregnancy as described herein.

28. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly diagnose and treat high blood pressure during pregnancy following Mrs. Shinnie's August 31, 2019 visit to the ER at Merit Health Central.

29. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly diagnose and treat the proteins noted in Mrs. Shinnie's urine as of August 31, 2019.

30. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly consider the risk factors for placenta abruption exhibited by Mrs. Shinnie as of August 31, 2019 and thereafter.

31. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly perform sonograms and/or ultrasounds (as the last sonogram was performed in June 2019).

32. Following the loss of Baby Summer, Dr. Rayford issued a verbal apology for Plaintiffs' loss.

33. These breaches have individually and collectively caused (both proximately and legally) Plaintiffs' severe and permanent injuries, including but not limited to present, past, and future physical injuries; present, past, and future pain and suffering; economical damages; loss of wage earning capacity; future economical damages; hedonic damages; loss of life; mental anguish; conscious pain and suffering; and others. Claimants are asserting a claim for medical negligence; medical malpractice; negligence; misfeasance; non-feasance; gross negligence; punitive damages; and others. These claims are being presented on behalf of all Plaintiffs, both individually and collectively.

34. Plaintiffs presented a Notice of Claim to Defendants in an attempt to resolve this matter without litigation. A true and correct copy of the Notice of Claim letter has been attached hereto and incorporated herein as Exhibit "A".

35. The undersigned counsel for the Plaintiffs has also attached a Certificate of Consultation in this matter—which was previously attached to the Notice of Claim letter.

36. The act(s) and/or omission(s) of these Defendants constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiffs' losses and damages.

## DAMAGES

37. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of general, compensatory, economic, non-economic, expectation, statutory, incidental, consequential, pain and suffering, hedonic damages, loss of wages, loss of wage earning capacity, wrongful death, and any other type of damages commensurate with the evidence to be presented in this matter.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

39. Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

40. Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment

interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This the 1st day of September, 2020.

Respectfully submitted,

PLAINTIFFS LARKESHIA SHINNIE, ET AL.

By: _____
Kenya R. Martin, Esq.
*Attorney for Plaintiffs*

Of Counsel:
Kenya R. Martin (MSB # 101527)
KENYA R. MARTIN, LLC
5709 Highway 80
Jackson, Mississippi 39209
Phone: (601) 923-1577
Cell:   (601) 720-0624
Email: KRMartin@4MartinsAtLaw.com
Email: kenyamartin@hotmail.com

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LARKESHIA SHINNIE AND SONNY
A. TOBIAS; BOTH INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF SUMMER ROSE TOBIAS,
DECEASED                                                                                              PLAINTIFFS

VS.                                                     CIVIL ACTION NO._____

DR. EDITH FAYE SMITH RAYFORD
AND JANE DOES 1 THROUGH 10                                                          DEFENDANTS

## CERTIFICATE OF EXPERT CONSULTATION

COMES NOW, the undersigned attorney for the Plaintiff and certifies that he has reviewed the facts of this case and has consulted with a medical physician qualified to testify in this case. From the information available to the Plaintiff at that time, the physician agreed that there has been a failure to meet the standard of care required of Defendant as outlined and described herein. On the basis of such review and consultation, there is a reasonable basis for the commencement of this action.

A similar Certificate of Expert Consultation was also submitted with the original Notice of Claim submitted in this matter.

WITNESS MY SIGNATURE, this the 4th day of December, 2019.

_____
KENYA R. MARTIN
Attorney for Plaintiffs

# EXHIBIT "A"
# NOTICE OF CLAIM LETTER

# KENYA R. MARTIN, LLC
*ATTORNEY-AT-LAW*
*5709 HIGHWAY 80 WEST*
*JACKSON, MISSISSIPPI 39209*

KENYA R. MARTIN, ESQ.  
E-Mail: kenyamartin@hotmail.com  
E-Mail: KRMartin@4MartinsAtLaw.com

Telephone: (601) 923-1577  
Facsimile: (601) 923-1579  
Cellular: (601) 720-0624

December 4, 2019

**VIA CERTIFIED MAIL:**

Merit Health Central  
Attn: Dr. Edith Faye Smith Rayford  
5429 Robinson Road Ext.  
Jackson, MS 39204

Dr. Edith Faye Smith Rayford  
1134 Winter Street  
Jackson, MS 39204

RE:     **NOTICE OF CLAIM**  
CLAIMANTS:   **LARKESHIA SHINNIE & SONNY A. TOBIAS, AS NATURAL AND BIOLOGICAL PARENTS AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF SUMMER ROSE TOBIAS, DECEASED**

DATE OF LOSS:   09/05/2019

Dear Dr. Edith Faye Smith Rayford:

    My name is Kenya R. Martin, and I have been retained to represent the above listed Claimants: Larkeshia Shinnie and Sonny A. Tobias, as the Natural and Biological Parents and On Behalf of All Wrongful Death Beneficiaries of Summer Rose Tobias, Deceased, namely: Larkeshia Shinnie (natural and biological mother); Sonny A. Tobias (natural and biological father); Danasia Mosley, a minor child (06-08-2006) (sibling); Taraji Shinnie, a minor child (06-16-2010) (sibling); and Kristan Shinnie-McMurtrey, a minor child (11-21-2016) (sibling). The address for these claimants is 301 Elton Road, Apartment 94, Jackson, Hinds County, Mississippi 39212. Larkeshia Shinnie and Sonny A. Tobias are also herein asserting personal injury claims regarding their specific physical and emotional injuries sustained in this matter.

Claimants are herein asserting both personal injury claims and wrongful death claims which occurred as a direct and proximate result of actions and/or inactions taken in the overall obstetrics and gynecological care of both Larkeshia Shinnie and Summer Rose Tobias, Deceased, which fell below the appropriate standard of care for the relevant periods May 2019 through September 5, 2019.

Dr. Rayford previously provided obstetrics and gynecological care for at least one (1) prior pregnancy of Larkeshia Shinnie during the care and childbirth of Taraji Shinnie (DOB: 06-16-2010). It was during that particular pregnancy Dr. Rayford diagnosed and properly treated Mrs. Shinnie for elevated blood pressures which gave way to the early delivery of Taraji Shinnie through C-section. Dr. Rayford, at least nine (9) years prior to the pregnancy at issue, reasonably knew or should have known of Mrs. Shinnie's propensity to develop hypertension during pregnancy. Dr. Rayford was also charged with personal knowledge of how to identify and care for this particular condition (high blood pressures during pregnancy) as it specifically related this Mrs. Shinnie.

On or about August 31, 2019, Mrs. Shinnie presented at Merit Health Central's emergency room complaining of headaches and elevated blood pressures. At this particular visit, Mrs. Shinnie was approximately 30 weeks during her third trimester of pregnancy with Baby Summer. The last sonogram or ultrasound was performed on or about June 20, 2019. Dr. Rayford never provided any negative information regarding her pregnancy–only that things were "going fine". During the August 31, 2019 presentation, the attending ER physician diagnosed Mrs. Shinnie with a urinary tract infection and prescribed antibiotics and ibuprofen for her headaches. Mrs. Shinnie was also told there was protein in her urine. This information was transferred to Dr. Rayford. She was discharged from the ER on August 31, 2019.

Mrs. Shinnie then followed up with Dr. Rayford on September 2, 2019 as a regular follow-up appointment with her doctor. At the time of the visit, Mrs. Shinnie remembers her blood pressure was checked, fetal heart beat "looked good", and she was given a B12 shot. She was also given a 24-hour urine drop.

On September 3, 2019, Mrs. Shinnie returned the 24-hour urine drop and still complained of headaches during this visit. On September 4, 2019, Mrs. Shinnie called Dr. Rayford's office still complaining of headaches. Mrs. Shinnie experienced nausea and vomiting throughout the duration of her pregnancy. On September 5, 2019, Mrs. Shinnie noticed there was little to no fetal movement during the overnight hours. She also noticed hardness, vaginal and abdominal pain. She then presented to Merit Health Central on September 5, 2019 where Summer Rose Tobias was delivered still born. It is undisputed that this particular child was viable at or near the time of its unfortunate death.

On or about September 26, 2019–almost two weeks after her loss–Dr. Rayford finally prescribed blood pressure medications for Mrs. Shinnie. The pediatric pathology report reveals Summer died from a placental abruption which was caused by elevated (and untreated) blood pressures in the mother. Placental abruption is an uncommon yet serious complication of pregnancy which lead to the death and unfortunate passing of Summer Rose Tobias. The placenta develops in the uterus during pregnancy. It attaches to the wall of the uterus and supplies the baby with nutrients and oxygen. Placental abruption occurs when the placenta partially or completely separates from

the inner wall of the uterus before delivery. This separation decreased and blocked Summer's supply of oxygen and nutrients and also produced heavy bleeding in Mrs. Shinnie. The known risk factors for placental abruption are chronic high blood pressure (hypertension), high blood pressure during pregnancy resulting in preeclampsia or eclampsia, and placental abruption in prior pregnancies. The protein in her urine as noted by the attending ER physician on 8/31/2019 put Dr. Rayford on notice of these elevated risk factors. It is undisputed (that at the time of this particular pregnancy), Dr. Rayford reasonably knew and should have known that Mrs. Shinnie exhibited these major risk factors as early as August 31, 2019. The missed warning signs of constant and persistent headaches for several weeks proximately caused and/or contributed to the untimely death of this viable child. The failure to properly perform ultrasounds after June 20, 2019 provided a false sense of security for the parents and family of Summer in believing everything was normal and on course with this particular pregnancy. The failure to properly identify and treat the hypertension and high blood pressures in Mrs. Shinnie during this pregnancy–especially when this OB/GYN was similarly presented with this exact same scenario, with this same patient almost 9 years earlier, and failed to take action here. Following the death of Summer on or about September 5, 2019; Dr. Rayford prescribed blood pressure medications for Mrs. Shinnie. Based upon information and belief, Dr. Rayford recently purchased new and/or upgraded ultrasound machinery and technology following the incidents described herein. By these admissions, Dr. Rayford failed to adequately monitor the overall health and progress of this baby and pregnancy which proximately caused and/or contributed to the losses described herein. These failures of Dr. Rayford proximately caused and/or contributed to excessive swelling and bleeding on the part of Mrs. Shinnie for weeks and months. These failures proximately caused and/or contributed to untimely death and suffering of an otherwise normal and health baby girl–Summer.

Graveside funeral services were held for Summer Rose Tobias on September 14, 2019 at Collis Hill Church in Terry, Mississippi. Based upon information and belief, Dr. Rayford attended these services.

These combined failures evidence a breach of the standard of medical care which proximately caused and/or contributed to the untimely and unfortunate death of this child, as well as the physical injuries suffered by Mrs. Shinnie.

It is undisputed Dr. Rayford owed a duty of care to both Mrs. Shinnie and Baby Summer, as she was a patient of this Defendant at all relevant times. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly care for the progress and pregnancy as described herein. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly diagnose and treat high blood pressure during pregnancy following Mrs. Shinnie's August 31, 2019 visit to the ER at Merit Health Central. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly diagnose and treat the proteins noted in Mrs. Shinnie's urine as of August 31, 2019. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly consider the risk factors for placenta abruption exhibited by Mrs. Shinnie as of August 31, 2019 and thereafter. It is undisputed that this Defendant breached the appropriate and recognized standards of medical care by failing to properly perform sonograms and/or ultrasounds (as the last sonogram was performed in June 2019).

These breaches have individually and collectively caused (both proximately and legally) Claimants severe and permanent injuries, including but not limited to present, past, and future physical injuries; present, past, and future pain and suffering; economical damages; loss of wage earning capacity; future economical damages; hedonic damages; loss of life; mental anguish; conscious pain and suffering; and others. Claimants are asserting a claim for medical negligence, medical malpractice; negligence; misfeasance; non-feasance; gross negligence; punitive damages; and others.

Due to the malpractice and inactions described herein, the Claimants are demanding $2,000,000.00 in monetary damages and/or any and all relief that conforms with the evidence presented and federal and/or state statutory law for these Claimants.

With kindest regards, I am

                       Sincerely,

                       Kenya R. Martin

KRM
Enclosurese

cc:    Mrs. Larkeshia Shinnie
        301 Elton Road, Apt. 94
        Jackson, MS 39212

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LARKESHIA SHINNIE AND SONNY
A. TOBIAS; BOTH INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF SUMMER ROSE TOBIAS,
DECEASED                                                                              PLAINTIFFS

VS.                                           CIVIL ACTION NO._____

DR. EDITH FAYE SMITH RAYFORD
AND JANE DOES 1 THROUGH 10                                                  DEFENDANTS

## CERTIFICATE OF EXPERT CONSULTATION

COMES NOW, the undersigned attorney for the Plaintiff and certifies that he has reviewed the facts of this case and has consulted with a medical physician qualified to testify in this case. From the information available to the Plaintiff at that time, the physician agreed that there has been a failure to meet the standard of care required of Defendant as outlined and described herein. On the basis of such review and consultation, there is a reasonable basis for the commencement of this action.

A similar Certificate of Expert Consultation was also submitted with the original Notice of Claim submitted in this matter.

WITNESS MY SIGNATURE, this the 4th day of December, 2019.

_____
KENYA R. MARTIN
Attorney for Plaintiffs

# EXHIBIT "B"
# PROOF OF SERVICE OF
# NOTICE OF CLAIM LETTER

